IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: JAMES LAMONT TAYLOR LITIGATION | ) ) ) ) | CV 122-154 CV 123-002 CV 123-003 CV 123-008 |

**O R D E R**

James Lamont Taylor, acting *pro se*, has filed four complaints in this Court since December 16, 2022. Upon screening the complaints, the Magistrate Judge identified numerous pleading deficiencies and ordered amended complaints in each case. In response, Plaintiff filed the same motion for recusal in each case. The Magistrate Judge has since recommended dismissal of CV 122-154 and CV 123-008 for failure to file an amended complaint and CV 123-002 and CV 123-003 for pleading deficiencies. Plaintiff has filed the same objection to each Report and Recommendation.

Recusal is governed by 28 U.S.C. §§ 144 and 455. Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012) (*per curiam*). Under § 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).

Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or under specifically enumerated circumstances, which include "personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)-(b). The Eleventh Circuit has explained the party seeking recusal must allege facts in the affidavit which "show that the judge's bias is personal, as opposed to judicial, in nature." Hepperle v. Johnston, 590 F.2d 609, 613 (5th Cir. 1979) (citation omitted).[1] Furthermore, it is well-settled that allegations of personal bias and prejudice which would disqualify a judge under 28 U.S.C. § 455 must be based on an "extrajudicial source." Liteky v. United States, 510 U.S. 540, 553 (1994); see also Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1329 (11th Cir. 2002) (explaining bias necessary to disqualify judge "must stem from extrajudicial sources"). That is, the § 455 analysis should not rest on judicial conduct. Hepperle, 590 F.2d at 614 (citations omitted). As the Supreme Court explained, "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." Liteky, 510 U.S. at 555.

Plaintiff's motions are technically deficient in that he has not filed an affidavit in support, as is required under § 144. Aside from the missing affidavit, Plaintiff's motions also fail because they are based solely on his disagreement with the Magistrate Judge's legal opinion on the sufficiency of his original complaints in each case. As set forth above, judicial rulings alone are not a sufficient basis for recusal. Liteky, 510 U.S. at 555; see also Deems v.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

C.I.R., 426 F. App'x 839, 843 (11th Cir. 2011) (*per curiam*) (explaining disqualification not appropriate based on judge's ruling in the case). Therefore, the Court **DENIES** Plaintiff's motions for recusal. (CV 122-154, doc. no. 12; CV 123-002, doc. no. 8; CV 123-003, doc. no. 8; CV 123-008, doc. no. 8.)

Regarding his objections to the Magistrate Judge's Report and Recommendations, they are largely the same as his grounds for recusal. He disagrees with the Magistrate Judge's assessment that his complaints fail to state a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* His objections are unavailing and totally fail to address the basis for dismissal of CV 122-154 and CV 123-008 where he failed to file an amended complaint. Where he did file an amended complaint in CV 123-002 and CV 123-003, the Magistrate Judge correctly found each was a shotgun pleading and failed to provide sufficient factual support for any claim. If Plaintiff believes the details and arguments included in his objections merit a different result, he should have clearly included such in his complaints. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020) ("[W]e cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action."). Indeed, Plaintiff has repeatedly been warned of the consequences of failing to provide sufficient detail and arguments in the many complaints he has submitted to this Court over the past twelve months. See In re James Lamont Taylor Litig., 2022 WL 14800976 (S.D. Ga. Oct. 3, 2022), *adopted by* 2022 WL 14800798 (S.D. Ga. Oct. 25, 2022); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court . . . .").

Accordingly, after a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendations, to which objections have been filed. The

Court **ADOPTS** the Report and Recommendations of the Magistrate Judge as its opinion, **DISMISSES** the above-captioned cases without prejudice, and **CLOSES** all of these civil actions.

SO ORDERED this 1ST day of May, 2023, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA